UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEON TERRELL HENRY, #689043,

        Petitioner,

                                                      CASE NO. 2:10-CV-13917
v.                                                 HONORABLE MARIANNE O. BATTANI

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

       This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Deon Terrell Henry ("Petitioner") asserts that he is being held in violation of his constitutional rights. Petitioner was convicted of assault with intent to do great bodily harm, Mich. Comp. Laws § 750.84, second-degree fleeing or eluding a police officer, Mich. Comp. Laws § 257.602a(4), resisting or obstructing a police officer, Mich. Comp. Laws § 750.81d(1), and driving with a suspended license, Mich. Comp. Laws § 257.904, following a jury trial in the Macomb County Circuit Court in 2008. He was sentenced to concurrent terms of five to 10 years imprisonment on the assault and fleeing and alluding convictions, fined $1,000 for the resisting and obstructing conviction, and fined $100 for the suspended licence conviction.

       In his pleadings, Petitioner raises claims concerning the alleged use of perjured testimony, lack of probable cause for the traffic stop, and the ineffective assistance of trial and

appellate counsel. For the reasons set forth herein, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies Petitioner leave to proceed *in forma pauperis* on appeal.

**II.     Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. The record before the Court indicates that Petitioner did not pursue a direct appeal of his convictions with the Michigan Supreme Court. *See* Pet. Brf., p. vii. Additionally, it appears that Petitioner did not include his current habeas claims in his direct appeal to the Michigan Court of

2

Appeals, nor present those claims to any other state court, before instituting this action. *See People v. Henry*, No. 286415, 2009 WL 2913901 (Mich. Ct. App. Sept. 10, 2009) (unpublished per curiam). Petitioner has thus failed to fully exhaust his habeas claims in the Michigan courts.

Although the time for completing a direct appeal has passed, Petitioner still has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue his claims through the state appellate courts as necessary. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the claims presented, such an action would deny the state courts the deference to which they are entitled. The state courts must first be given a fair opportunity to rule upon Petitioner's claims. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

**III. Conclusion**

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court further **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

    **IT IS SO ORDERED**.


                          s/Marianne O. Battani
                          MARIANNE O. BATTANI
                          UNITED STATES DISTRICT JUDGE

Dated:  October 19, 2010


CERTIFICATE OF SERVICE

    I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner, and Counsel for the Respondent via ordinary U.S. Mail or electronically.

                          s/Bernadette M. Thebolt

                          Case Manager